UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PHILLIPS, BI4781,<br><br>    Petitioner,<br><br>    v.<br><br>GENA JONES, Warden,<br><br>    Respondent. | Case No. 23-cv-03875-CRB (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 8) |

Petitioner, a state prisoner incarcerated at the California Health Care Facility, Stockton (CHCF), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from San Francisco County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

Petitioner was convicted by a jury of special circumstances murder, aggravated mayhem, robbery, burglary, and several other offenses, including manufacture, possession, or utterance of fraudulent financial documents. On January 18, 2019, petitioner was sentenced to life without parole on the murder with special circumstances conviction and to a consecutive determinate sentence of six years and eighth months for the burglary and fraudulent financial documents convictions. The court stayed the sentences on the other counts.

The California Court of Appeal affirmed the judgment of the trial court on February 28, 2022, and the Supreme Court of California denied review on June 15, 2022. Petitioner then unsuccessfully sought habeas relief from the state courts until the Supreme Court of California denied his last state habeas petition on July 19, 2023.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising eleven claims, including denial of right to a speedy trial, denial of right to conflict-free counsel, ineffective assistance of trial and appellate counsel, and various evidentiary errors that allegedly amounted to denial of due process. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF No. 8) is GRANTED.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: October 31, 2023

_____
CHARLES R. BREYER
United States District Judge